CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 25 2005

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSE ARNALDO DUBON, #314871,<br>Petitioner, | ) | Civil Action No. 7:05cv00137 |
| v. | ) | **ORDER** |
| DAVID ROBINSON,<br>Respondent. | ) | By: Jackson L. Kiser<br>Senior U.S. District Judge |

This matter is before the court upon petitioner Jose Arnaldo Dubon's Federal Rules of Civil Procedure Rule 60(b) motion for relief from this court's August 4, 2005, order dismissing his 28 U.S.C. §2254 motion as untimely. Upon review of the petitioner's motion and the record, I conclude Dubon is not entitled to any relief.

Rule 60(b)(1) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).

Dubon does not allege any mistake, inadvertence, surprise, nor neglect. Rather he claims that the court did not properly calculate the timeliness of his petition. A Rule 60(b) motion is not intended to be used by a petitioner to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir.

1

1995). As the court has specifically addressed the timeliness of Dubon's petition in its previous memorandum opinion, relief under Rule 60(b) is not appropriate. Furthermore on review of the record, I find that petitioner has been afforded all tolling available under 28 U.S.C. § 2244(d) and his claims of tabulation errors are without merit.

Accordingly, Dubon's motion to alter or amend judgment pursuant to Rule 60(b) is hereby **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to petitioner and counsel of record for the respondent.

ENTER: This 25th day of October, 2005.

Senior U.S. District Judge